**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.   **ED CV 26-1272-JFW(DTB)**                    Date:  March 24, 2026

Title:         Fermin Ramirez Valentin -v-  Todd Lyons, et al.

**PRESENT:**
**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**              **ATTORNEYS PRESENT FOR DEFENDANTS:**
               None                                                               None

**PROCEEDINGS (IN CHAMBERS):**        **ORDER GRANTING PETITIONER'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION TO STAY REMOVAL PENDING RESOLUTION OF HABEAS CORPUS PETITION [filed 3/18/2026; Docket No. 2]**

On March 18, 2026, Petitioner Fermin Ramirez Valentin ("Petitioner") filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction to Stay Removal Pending Resolution of Habeas Corpus Petition ("Motion for TRO").  On March 23, 2026, Respondents filed a Response.  The Court finds that no additional briefing is necessary and that this matter is appropriate for decision without oral argument.  The hearing calendared for March 30, 2026 is hereby vacated and the matter taken off calendar. After considering the moving and opposing papers, and the arguments therein, the Court rules as follows:

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner is a native and citizen of Mexico.  He entered the United States through the San Ysidro Port of Entry and was initially detained by immigration authorities, who offered him the opportunity to apply for asylum. Petitioner was paroled from custody and enrolled in an Alternatives to Detention Program, which required him to wear a GPS ankle monitor and submit regular check-ins. Petitioner complied with all conditions of his release, including reporting as directed.

On February 3, 2026, Petitioner was re-detained by U.S. Immigrations and Customs Enforcement ("ICE").  According to Petitioner, ICE stated that he was being re-detained because, on one occasion, ICE officers arrived at his residence and he was not home. According to Petitioner, on this one occasion, he had stepped out to pick up his necessary medications.

Initials of Deputy Clerk __sr_

Petitioner is currently detained at the Desert View Facility in Adelanto, California. According to Petitioner, he has not received a bond hearing even though he is detained pursuant to 8 U.S.C. 1226(a) pending a final determination of his removal proceedings.

On March 18, 2026, Petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), challenging the lawfulness of his immigration detention.  In particular, he alleges that his detention violates the due process clause of the Fifth Amendment, and seeks, *inter alia,* a declaration that his detention is unlawful, and an order directing his immediate release from detention.

On March 18, 2026, Petitioner also filed his Motion for TRO, seeking very limited relief. Specifically, Petitioner seeks a temporary restraining order and preliminary injunction:[1] (1) staying any removal of Petitioner pending resolution of his Petition; (2) ordering Respondents to provide notice to this Court of any scheduled removal; and (3) enjoining Respondents from removing Petitioner without Court authorization.   In their Response filed on March 23, 2026, the Respondents state:

> On March 18, 2026, Petitioner filed an Ex Parte Application for Temporary Restraining Order (TRO) seeking an order requiring Respondents to release him from immigration detention.[2] Dkt. 2. The Court, on March 19, 2026, ordered that any opposition be filed no later than March 23, 2026. Dkt. 4. Respondents are not presenting an opposition argument.

## II.    LEGAL STANDARD

The standard for issuing a TRO and preliminary injunction under Federal Rule of Civil Procedure 65 is the same.  *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020) (citation omitted); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a TRO and preliminary injunction involve "substantially identical" analysis).  Like a preliminary injunction, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Under *Winter*, a plaintiff seeking a TRO must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.,* 758 F.3d 1069, 1071 (9th Cir. 2014) (*citing Winter*, 555 U.S. at 20).  Courts in this circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the Winter standard" (*Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021)), in which the four *Winter* elements are

---

[1]Because Respondents had notice and an opportunity to respond and Petitioner briefed the issues thoroughly, and the standard for a TRO and a preliminary injunction are the same, the Court will treat Petitioner's Motion for TRO as a motion for preliminary injunction.

[2]Contrary to Respondents' contention, Petitioner does not request immediate release in his Motion for TRO.

Initials of Deputy Clerk  _sr_

"balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).  Under this approach, a TRO may be warranted where there are "'serious questions going to the merits' and a hardship balance . . . tips sharply toward the plaintiff," and so long as the other *Winter* factors are also met.  *Id.* at 1132.

## III.   CONCLUSION

In light of Respondents' non-opposition, Petitioner's Motion for a temporary restraining order and preliminary injunction is **GRANTED**.  Although Petitioner does not request immediate release in his Motion for TRO, Petitioner does seek that relief in his Petition and Respondents do not oppose Petitioner's immediate release.  In light of Respondents' non-opposition, the serious questions going to the merits, the likelihood of irreparable harm, and the balance of equities and the public interest tipping sharply toward Petitioner, the Court **ORDERS** Respondents to immediately release Petitioner from custody subject to and in accordance with the prior conditions of his release.  Any additional relief sought by Petitioner shall be addressed by the magistrate judge when adjudicating his Petition.

Rule 65(c) provides that a court "may issue a preliminary injunction or temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).  "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, if any.'" *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003)).  In particular, "[t]he district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Id.* (citation omitted).  As a result, the mandatory language of Rule 65(c) does not "absolve[ ] the party affected by the injunction from its obligation of presenting evidence that a bond is needed, so that the district court is afforded an opportunity to exercise its discretion in setting the amount of the bond." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 883 (9th Cir. 2003). In this case, Respondents have not demonstrated any likelihood of harm if the Court grants the requested relief, and has not requested a bond if that relief is granted.  Accordingly, the Court therefore exercises its discretion and waives the bond requirement under Rule 65(c).

IT IS SO ORDERED.

Initials of Deputy Clerk __sr__