**JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES--GENERAL**

Case No.  **5:26-cv-01272-JFW-DTB**                    Date: **June 11, 2026**

Title:  **Fermin Ramirez Valentin v. Todd Lyons, et al.**
================================================================

PRESENT:   **HON. JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

Shannon Reilly                                          n/a
Deputy Clerk                                          Court Reporter

ATTORNEYS PRESENT FOR PETITIONER:     ATTORNEYS PRESENT FOR RESPONDENT:
   None present                                           None present
================================================================

**PROCEEDINGS: (IN CHAMBERS)  ORDER DISMISSING THE PETITION AND DIRECTING THE CLERK TO CLOSE THE CASE**

On March 18, 2026, petitioner Fermin Ramirez Valentin ("Petitioner"), proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition").  (Docket No. 1).  In the Petition, Petitioner alleges, *inter alia*, that his detention violates the due process clause of the Fifth Amendment.  (Petition at 4-5).  The Petition seeks, *inter alia*, a declaration that Petitioner's detention is unlawful, and an order directing his immediate release from custody.  (Id. at 5-6).

On the same date, Petitioner filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction to Stay Removal Pending Resolution of Habeas Corpus Petition ("Motion for TRO").  (Docket No. 2).  On March 23, 2026 (pursuant to the Court's March 19, 2026 Order, see Docket No. 4 at 1), Respondents filed a Response to the Motion for TRO, stating that "Respondents are not presenting an opposition argument."  (Docket No. 6).

On March 24, 2026, the Court granted the Motion for TRO, and ordered Petitioner's immediate release from custody subject to and in accordance with the prior conditions of his release.  (Docket No. 8).  On April 8, 2026, Respondents, in their Answer to the Petition, confirmed that Petitioner had been released from custody on March 24, 2026.  (Docket No. 11 at 2; Docket No. 11-1).

On April 24, 2026, the Court received return mail (containing the Court's May 25, 2026 Order Requiring Response to Habeas Petition, Docket No. 9) addressed to Petitioner. (See Docket No. 12). Without the Court deciding the matter, Petitioner's release arguably has rendered his claims moot. In any event, it appears that Petitioner has abandoned the matter, given that he has not kept the Court apprised of his current address. Consequently, dismissal of the Petition without prejudice is warranted. See Central District Local Rule 41-6 ("A party proceeding pro se must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute."); see also Link v. Wabash R.R. Co., 370 U.S. 629-30 (1962) ("The authority of a federal trial court to dismiss a [petitioner's] action with prejudice because of his failure to prosecute cannot be seriously doubted."); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (a district court is permitted to dismiss an action for failing to prosecute or failing to comply with a court order based on the weighing of five identified factors)

Accordingly, the Petition is **DISMISSED** without prejudice. The Clerk is **DIRECTED** to close the case. (JS-6).

**IT IS SO ORDERED.**